On Application for Rehearing.
 

 PER CURIAM.
 

 Defendant complains that we have fallen into error, in using the following language, which carries with it the conclusion
 
 *661
 
 that Act No. 17 of 1932 is not discriminatory against interstate commerce, to wit:
 

 “The act makes no reference to the sources of the products sold, that is, as to whether they come from another state or not. It is immaterial from what state, so far as concerns the tax levied by section 1 of the act, the products come, that is, whether they are Louisiana products, or the products of another state shipped here, at the instance of the purchaser, for resale. Whether they are Louisiana products or the products of another state shipped here, the tax for conducting the business of selling them, in this state, is the same, namely, 1% per cent, of their gross receipts.”
 

 Defendant says that the foregoing excerpt sounds convincing, if it be not noticed that the court says: “It is immaterial from what state, so far as concerns the tax levied by section 1 of the act, the products come,” and then calls attention to the fact that the court, in this connection, says nothing about section 2 of the act, especially with reference to the closing clause therein, which reads: “And the commodities referred to in this section shall not be subject to any further tax under the provisions of this Act,” the expression, “any further tax,” referring to the tax of 10 cents and 15 cents a head for slaughtering in this state.
 

 The court, in the foregoing excerpt from its opinion, referred to section 1 of the act, because that section is the one which establishes the classification in which defendant falls and under which it is manifestly sued. The court, by using the expression, did not mean to suggest that there was anything which made the act discriminatory in any other part of it, whether in section 2 or not. The opinion holds that section 2 does not bring about an unjust discrimination.
 

 The clause in section 2 of the act, reading: “And the commodities referred to in this section shall not be subject to any further tax under the provisions of this Act,” does not permit one to engage in the business of slaughtering or having cattle slaughtered for his own account or for custom rates, which is a business distinct from that classified and taxed in section 1 of the act, and then to engage in the business ot wholesaling, jobbing, etc., the cattle so slaughtered, and escape the tax levied by section 1 of the act. If this clause was reasonably susceptible of such a construction, it doubtless would render the act unjustly discriminatory by giving Louisiana products an unfair advantage over products of the same kind purchased in other states. However, this clause, as also the clause in this section,, reading, “Shall pay a tax, in lieu of any other tax levied in this Act,” does not purport to relieve the person from paying the tax, established by section 1 of the act, which is the higher tax. In other words, the moment such a person leaves the business of slaughtering and goes to wholesaling, he falls into the classification of wholesaling and pays the tax under section 1 of the act for wholesaling, instead of under section 2 for slaughtering. Where an act is susceptible of two constructions, one of which makes the act unconstitutional and the other makes it constitutional, the construction should be adopted which makes it constitutional.
 

 Rehearing refused.